# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUDITH B. ECHTERLING-HAWKINS,**

                **Plaintiff,**

**-vs-**                                    **Case No.  6:06-cv-1869-Orl-31DAB**

**PROGRESS ENERGY, INC.,**

                **Defendant.**

_____

# ORDER

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. 21) and Defendant's Response thereto (Doc. 26).

## I. Background

Plaintiff Judith B. Echterling-Hawkins ("Echterling-Hawkins") was employed by Defendant Progress Energy, Inc. ("Progress") as a public relations assistant from October of 2001 through, approximately, November 20, 2006. Echterling-Hawkins was paid an hourly wage and her regular schedule was 7:30 a.m. to 5:00 p.m. Monday through Thursday and 7:30 a.m. to 4:00 p.m. every other Friday, with a half-hour lunch break on each day.

Echterling-Hawkins' position required her to regularly attend various functions on behalf of Progress in the evenings and on weekends. Furthermore, Echterling-Hawkins testified that she often worked through lunch and past 5:00 p.m. during the week, and took work-related cell-phone calls in the evening and on the weekends. Echterling-Hawkins' direct supervisor, Sophia O'Keefe ("O'Keefe"), expected that any overtime hours Echterling-Hawkins spent at functions on behalf of

Progress would be made up through the use of "comp-time" in subsequent weeks. (Doc. 21-3 at 10-11, 15).

In approximately August of 2006, Echterling-Hawkins made a complaint to Progress' ethics hotline, stating that she had worked overtime for which she had not been paid. This complaint led to an internal investigation by Senior Human Resources Representative Sandra Shields ("Shields") and Ethics Specialist John Griffith ("Griffith"). At the conclusion of the investigation Griffith and Shields both believed that Echterling-Hawkins was entitled to some overtime compensation, but they were unable to determine the exact amount because Echterling-Hawkins had not provided them with satisfactory documentation of the number of unpaid overtime hours she worked. (Doc. 26 at 3-4).

In her Complaint, Echterling-Hawkins alleges that Progress failed to pay her the overtime pay that she was entitled to under the Fair Labor Standards Act ("FLSA") and that Progress violated the FLSA willfully and in bad faith. Plaintiff has moved for summary judgment only on the issues of liability and bad faith.

## II. Standard of Review

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgement points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).

**III. Legal Analysis**

*A) Liability*

It is undisputed that Echterling-Hawkins was a non-exempt employee under the FLSA. Therefore, to establish a claim under the FLSA, "plaintiff must demonstrate that (1) [she] worked

overtime without compensation and (2) the [defendant] knew or should have known of the overtime work." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007).

Defendant argues that it did not have actual or constructive knowledge of any overtime hours worked by Echterling-Hawkins. (Doc. 26 at 5). This argument is undermined by the depositions of both Griffith and Shields who testified that their internal investigation revealed that Echterling-Hawkins was entitled to some amount of overtime pay. (Doc. 21-4 at 15; Doc. 21-6 at 6). Furthermore, O'Keefe admits that she was aware of Echterling-Hawkins receiving "comp-time" during subsequent workweeks rather than over-time pay for extra hours worked. (Doc. 21-3 at 10-11). Therefore, Plaintiff has established a *prima facie* case of liability under the FLSA. However, the resolution of this issue is of little significance in this litigation because the amount of compensation Plaintiff is entitled to, if any, is admittedly in dispute and will have to be determined at trial.

*B) Liquidated Damages*

Under the FLSA,

[a]ny employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). However,

if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 16 of such Act.

29 U.S.C. § 260. Plaintiff alleges that she is entitled to liquidated damages as a matter of law because Defendant cannot show that it acted in good faith.

First, Plaintiff argues that because Progress did not plead good faith as an affirmative defense in its answer, bad faith should be found as a matter of law. However, there is no precedent in the Eleventh Circuit to support this argument. Furthermore, in its answer, Defendant *did* specifically deny Plaintiff's allegations that it acted willfully or in bad faith. Therefore, Plaintiff had sufficient notice that Progress would argue good faith.

Plaintiff also argues that the undisputed facts demonstrate bad faith. However, that is not the case. There are genuine issues of material fact that remain with regard to Defendant's good faith handling of its FLSA obligations, therefore summary judgment will not be granted on this issue.

## IV. Conclusion

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 21) is **GRANTED** in part and **DENIED** in part as stated herein.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 22, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-5-